Case number 20-3136. Kelly Copen et al. v. USA et al. Argument not to exceed 15 minutes per side. Mr. Pellini, you may proceed for the appellant. Thank you very much. May it please the court, your honor, counsel. My name is Craig Pellini. I represent the appellants Kelly and Paul Copen in this matter. I would like to reserve five minutes for rebuttal as I've previously indicated and I thank you for that. In this matter, the relief we are seeking is a reversal of the trial court. The trial court, as you know, dismissed the plaintiff's appellant's claims but made that dismissal based upon a lack of subject matter jurisdiction and it is noteworthy that the United States District Court never got to the merits of the plaintiff's claims, never got to the merits of the plaintiff's injuries and damages. I believe that essentially that there are two issues in front of this court this morning. One has to do with the jurisdictional matter. One has to do with the merits as far as the notice that was provided. I'm going to speak first on the jurisdictional matter and the appellants believe in this matter that the district court's reliance upon this as being a jurisdictional matter is misplaced and we would urge reversal on that ground. So counsel, out of curiosity, let's say you're right about that. Does it really make a big difference to the outcome from your client's perspective? In other words, you can have non-jurisdictional rules that are still mandatory as long as the government raises them and the government raised this from the outset. So I agree with you, we have to address whether it's subject matter jurisdiction. So I'm not being dismissive of the point but I guess I'm curious, you still have to win the other argument to get any relief. Am I right about that? I believe that we would then get a hearing on the merits of whether there was proper notice given that kind of ways into. Well, that's what I'm getting at. I'm not sure that's true. If even if the requirement of a some certain is not jurisdictional, it's still mandatory. You still have to show that you met the some certain requirement. Otherwise, there'd still a dismissal. It would just be a dismissal under 12B6, not 12B1. And I'm suggesting that the district court did not do the search, if you will, into that question in the extent sort of a merits evidence to be examined, the individuals who got the information. For instance, when the lawsuit was filed in the state court, and this lawsuit originated, Your Honor, in state court, that at that point in time, the relief requested was an amount in excess of $25,000. That never came up in the trial court's determination. The trial court, upon motion, and counsel did file that motion, made the determined that this was a subject matter jurisdictional, in my humble opinion, that never got to consider that as it should if it was a non-jurisdictional matter. And I believe that there would have to at least be a look. And I understand exactly the position you're taking as if part two of my argument is subsumed into part one. But I believe at the very minimum, if this goes back to the district court for a non-jurisdictional finding, and then they look into that matter, that the trial court would have to, the district court would have to do a deeper dive on the very issue that you bring up, Your Honor. What do you base that on? I don't follow that with respect. I mean, I understand your position, which for the second part of your argument, but the argument that that would be analyzed differently if this were a jurisdictional or a non-jurisdictional claim I'm not following. Well, I think on a jurisdictional dismissal, there was no evidence undertaken. And again, wouldn't the amount of evidence you needed to take to make your points be the same whether this was a jurisdictional issue or a claims-based issue where the government is subjected? I think I'd at least have the opportunity to get into discovery there and to be able to file more of a merits brief. The discovery rules are different? Is that what you're saying? I'm sorry. I'm not seeing why you would be able to discover one under one route, not under the other route. It seems to me if this is a preclusion and you have an argument that what's in the record is enough, or you have an argument that what's in the record is not enough, all of that would apply whether this was a jurisdictional issue or not. Or am I wrong? I would certainly ask the district court for the opportunity to conduct that discovery before ruling upon it. You couldn't do that if it was a jurisdictional issue? There was a motion to dismiss. I'm asking a legal question. Is your ability to demonstrate whether you've complied with this different if we treat it as jurisdictional or non-jurisdictional? I think I would have a better opportunity to conduct that discovery. That is what I'm asking. What's the basis for saying that? Asking the trial court to set up a briefing schedule, asking the trial court to do that if it was a jurisdictional issue? We had a jurisdictional motion filed and then a briefing schedule and a decision. What is in the record that would show that you timely provided a sum certain? The form 95 that was filled out by the Kopins that there was a listing of the date of the accident, the mechanism of the accident, information about going to the hospital, nature and extent of injuries unknown, billings unknown, not having any of that information. But wouldn't you then have to have that supplemented to the court or to the defendant? But is there anything in the record that shows that you supplemented with a sum certain within the statutory time frame? Other than the complaint was filed seeking an excess of $25,000. When was that filed? In May of 2019. So right on the conclusion time of the accident. I'm sorry? When was service had? This is a notice issue, not a filing issue. So you file the complaint and then the question becomes when did the government receive notice of that? So I was asking you when you served process of that complaint on the government. Was it within the statutory time frame? I believe so. Yes, Your Honor. With the record would show that wouldn't it? I believe it would. Okay. My understanding is that it was not within the statutory time frame. And being completely frank with the court, I don't have the Stark County Court of Common Pleas docket pulled up in front of me. Assuming it's a claims processing rule, what response or defense would you have that might suggest that there's some sort of tolling or other equitable reason that you did not have to provide the information within the two-year statutory framework? Your Honor, I missed the first part of your question. Even if it's a claims processing rule, what is your argument that there might be equitable tolling or some other equitable reason not to enforce the two-year claims processing rule? And I think that gets into the substance of what is to be provided and what's the ruling behind it. And the requirement, if you will, upon the claimant is to give the agency written notice. That was, in fact, done. There's no question about that. Rule 95 was provided there, sufficient to enable the agency to investigate. And then we get into, do we have an ultra-strict interpretation of that and what is required in this case? Is it form or is it a substance matter? And at that point in time, I cite the court to the dynamic image case and also the Lopez case. In the Lopez case, if I can quote, it says that the claims process, and it's talking about these very things, is meant largely to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode. There's no question the police accident report was provided way back when to determine if settlement would be in the best interest of all. It goes on to indicate that it seems fair to conclude that the FTCA is, I'm quoting, intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist, which when not fully observed, permits the termination of the claims regardless of their merits. And that is, Your Honor, exactly what's happened here, that we had a termination of a claim, never didn't see the merits in the district court. That's why all they're asking about here is the opportunity to be presenting that claim, to make those arguments. You're not, counsel, you're not making, as I understand it, an equitable argument that the notice needn't have been made. You're just arguing whether the notice was sufficient under the statute. Is that correct? That's why you're citing the cases. You've got cases which suggest that it was sufficient, you've got cases that suggest that it wasn't sufficient. I'm just asking sort of a framing question of, I took your argument to be, this was enough under the statute. That's the standard form that we submitted was enough under the statute for your clients. And the government's position to be, no, it wasn't sufficient. Is that a fair characterization of the arguments? It is. Okay. So you're not saying it wasn't sufficient, but we should be excused. No, sir. You're just arguing whether that should be sufficient. And again, the difficulty I'm having or the concern I have is whether that argument would be at all different if this were a jurisdictional issue that we're trying to interpret, or if this was a non-jurisdictional issue that we're trying to determine. It still escapes me what the difference is. I understand the difference on the merits of whether this is enough under the cases. I'm just trying to see what your argument would be different. You're still looking at the same SF form would be in front of us. The same cases would be in front of us. The same arguments would be in front of us. What would be different? It's okay if you say nothing, but I'm not saying anything. Your argument would still be there if nothing's different. It is. And Joe has that argument. May I? Please, go ahead. I think I understand you're saying that, Mr. Polini, that despite your argument, we could be looking at a dismissal, but on other grounds, not jurisdictional grounds. And I understand exactly what you're saying. And I understand that part one of the argument falls into part two about whether this is sufficient. Did the government know? Yes, did they know? Did it know that there was a claim? Yes. Since you've got a full five minutes, let's hear how the government frames it. And that'll give plenty of time to circle back to Judge Rogers' question. Sorry. Thank you. Why don't we hear from Ms. Asher, please? Good morning, your honors. It's Ruchi Asher for the appellant. May it please the court, an injured party seeking recovery on a tort claim against the United States must comply with the requirements of 28 U.S.C. 2675 A. This is mandatory. It's not waivable. It's not subject to estoppel or equitable defenses. Now, filing a claim under 28 U.S.C. 2675 has two requirements. Mr. Polini noted that one of those requirements is written notice of the claim sufficient to allow the agency to investigate and that the claimant identify the value of the damages claimed, a sum certain. This has to happen before filing suit in court. And Kelly and Paul Koppen did not meet both of these requirements prior to filing suit in court. They did not. Ms. Asher, can I just ask you a question before we get into the subject matter jurisdiction point? What what prevents is there a time bar that prevents them from just correcting this problem? Did they have just a limited number of amount of time? And by the time this problem was identified, the time bar had come into play. Is that why they can't just go back and fix it? Your honor, there is a time bar. The claimant had two years to go back and fix it, as it were. And that time bar is contained in a separate statute. Has that time bar come and gone? That time bar has come and gone, but they were notified to the issue well before the time bar expired. The Postal Service notified Mr. Polini, who was representing the claimants at that time back in 2017, that the tort claim lacked a sum certain for personal injury. Uh-huh. Now, can you answer? Oh, go ahead, Judge Spence. I'm just one quick one. Was there was was Kelly Copen's claim F for personal injury ever administratively denied? Your honor, I don't recall whether her claim for personal injury was administratively denied. However, the statute provides that after a certain period of time, if the agency hasn't acted on it, the plaintiff can, at her option, treat the claim as denied. Remind me of that time frame. I believe it is. Is that a 60 day? No, I believe it's longer than that. Yeah, I believe it's six months, but I can verify based on the text of the statute. Thank you. That just says six months. Six months. Thank you. So Judge Rogers was asking, Mr. Polini, how does the case differ in terms of outcome if this requirement is not a subject matter jurisdiction requirement? I guess I just would have thought there's no difference except 12b1 versus 12b6. In other words, if you had a mandatory rule about you have to file the claim within a year and you have a debate whether that's mandatory claim processing or subject matter jurisdiction, the punchline changes, but nothing else about it changes. Is it true that with this claim and the some certain point, there'd be nothing different except the nature of the dismissal 12b1 versus 12b6? Is that true or not true? That is true, your honor. In fact, two points. First of all, I agree, your honor, whether it's a jurisdictional requirement or not, it's a mandatory requirement. It's a statutorily imposed requirement that's not subject to waiver or estoppel. So to that effect, there would be no difference whether it was dismissed under 12b1 or 12b6. It would be subject to forfeiture. The government would be allowed not to insist on compliance. On, as the Supreme Court explained in the McNeil case, it's unclear whether the, it's not clear that the argument would be considered subject to forfeiture. However, in this case, that would be irrelevant because the government did raise it at the first opportunity. Right, but it's a nice safety valve point. If the government has the option of saying, this is kind of a close case in terms of some certain, we're going to let it go and let it, so that's a really big advantage about it not being subject matter jurisdiction to put, to say nothing of the problem that you can suddenly identify the issue at the U.S. Supreme Court and three years of litigation is all for naught. Well, I think it's clear from the very beginning in the statute and the regulations that a some certain is a mandatory part of the claim. And in the Sixth Circuit, it's very clear that the some certain is a mandatory part of the claim. So it's not the type of thing that the government can forfeit or waive. And that's been made clear in Sixth Circuit precedent and in Supreme Court precedent. What's the U.S. Supreme Court precedent that says you could not forfeit this argument? Um, I believe it is the results that is discussed in the McNeil case. And then in Ross v. Blake, which construes the Prison Litigation Reform Act arguments, but they make a distinction in that case between regulatory administrative requirements and statutorily mandated administrative requirements. Here we have a statutorily mandated administrative requirement that is not subject to waiver or estoppel. And the plaintiffs would have to comply with these statutorily mandated requirements before proceeding to court. And in any case, so I want to ask you now the subject matter jurisdiction. So you can't say that it's subject matter jurisdiction because it's exhaustion. Because we have cases that say, you know, exhaustion requirement is not necessarily subject matter jurisdiction. That doesn't satisfy the Arbaugh-Clear statement requirements. So that's HERR, H-E-R-R. So then you would say, look at this other provision, which says subject to the provisions of Chapter 171 of this title, district courts shall have exclusive jurisdiction. So that helps you because the word jurisdictions there and subject to starts to make it look like if you don't satisfy these, you haven't satisfied a subject matter jurisdiction requirement. But what's the, it just seems like that argues too much. Given all the things in Chapter 171, I assume you're not taking the position. Everything in Chapter 171 is a subject matter jurisdiction requirements. If you go look at that, you're going to find some pretty silly things in there to treat as subject matter jurisdiction rules. So how do you deal with, do you appreciate the problem I'm identifying? Yes, Your Honor. In response, I would say that, well, first of all, in Arbaugh, they compel you to look at the language of the statute. So here in the jurisdictional conferring statute 1346B1, we have language conferring jurisdiction and conditioning that jurisdiction with the provisions of Chapter 171, which contains 2675. Now I understand that not everything in Chapter 171 refers to the power of the courts to hear a case under the Federal Tort Claims Act. In fact, to be clear, most everything emphatically does not relate to subject matter jurisdiction, right? I would say that the provisions of Chapter 171 that refer to the court's ability to hear a claim and a claimant's ability to seek relief in court does relate to subject matter jurisdiction. What's the clarity? Where's the clarity? So it's the combination of the two statutes, Your Honor. First, we have language in the 1346B1 that conditions subject matter jurisdiction on the provisions of 171 of this title. Then we have a statute in Chapter 171 of this title that refers to the ability of a claimant to bring his suit in court. And in 2675A, it says that an action shall not be instituted against the United States unless the claimant has first presented the claim to the appropriate federal agency. And the two statutes taken in combination, one limiting the jurisdiction of the district courts to compliance with the terms of compliance with the provisions of Chapter 171 and a requirement in Chapter 171 that refers to the claimant's ability to bring their action in court. Not everything in Chapter 171 refers to a claimant's ability to bring their action in court, but Section 2675A does. So you would agree 2675A by itself does not satisfy ARBA, right? Because that's just a mandatory exhaustion rule. By itself, it doesn't work. Under our precedent, 2675 by itself does not work. But here we do have a jurisdiction conferring provision in 1346B1. But it's just, it's funny because 2675A is a mandatory rule. Chapter 171 has lots of mandatory rules. And 1346B1 talks about exclusive jurisdiction. So I don't understand how you can't just say every mandatory rule in Chapter 171 is subject matter jurisdiction. That's where I just, I lose track of the position. Well, not every, not every statute in Chapter 171 refers to the ability of a claimant to pursue their claims in court. And statutes have to be given their logical reading. They can't be read to compel an illogical result. So here it's the combination of the two statutes. One that expressly conditions jurisdiction on a particular chapter of the revised, of the United States Code. And a statute within that chapter of the United States Code that talks about a claimant's ability to bring its suit in court. And in any case, whether it's jurisdictional or not. I'll do one last thing real quickly. Is there anything else in Chapter 171 that you think is a subject matter jurisdiction requirement? Or is this the only one? Um, your honors, I do not have all of the requirements of Chapter 171 available to me at this point. Okay. All right. Thank you so much. Can I ask you a question, Ms. Asher? I think I know what the answer is, but I want to be clear that that's what the government is saying. Is there any difference? Is there any practical difference in this case where there's not been any government waiver or attempt to waiver? And no argument made about the equities, but just arguments about whether there's been sufficient compliance with the statutory requirement. In that context, is there any difference in the result of this appeal other than whether we say 12b-5 or 12b-1 or 12b-6? Is there any other difference in how this case gets resolved based on whether it's a jurisdictional as opposed to a non-jurisdictional requirement? No, your honor. Deeming it a jurisdictional requirement would just require a 12b-1 label. There's no like procedural, additional procedural availability if it's one rather than the other. No, your honor. Thank you. And in this case, there'd be no discovery allowed under one versus the other. No, your honor. I believe the tort claim was attached to the complaint and the counsel for plaintiff hasn't identified any other... Well, two points. Sorry, your honor. The tort claim was, I believe, attached to the complaint, but to counsel for plaintiff does not identify any other evidence that he would have introduced to show that he submitted to some certain. And in any case that any such evidence would be in his client's own possession and he would have been able to produce that evidence at some earlier time in this litigation. So your position would be that the some certain was not provided within the two-year statute of limitations. It's done. That's correct. The some certain was not provided for his personal injury claim at any point until the complaint was filed, I believe. And why was the complaint not adequate notice? Because the requirements of 2675 have mandates the claimants to produce a some certain and written notice prior to proceeding to court. Thank you. We've interrupted you so much. Go ahead and make your argument. Sorry. Your honor, the case law in this circuit is clear that it's not just notice that's required. It's notice and a some certain. And for Kelly and Paul Colpin's personal injury claim, no some certain was provided. The cases that my colleague refers to, the dynamic imaging case and the Lopez case do not compel a different result. Both of those cases expressly held that a some certain was required. And in both of those cases, the plaintiff did provide a some certain separate for personal injury separately from property damage. So those two cases actually support the government's point. And for the reasons argued today and in our briefs, we would ask that this court affirm the district court's decision and finds that the Copins did not present a valid claim for personal injury and that their suit was properly dismissed. Thank you. Thank you, Mr. Asher. Mr. Polini, give your five minutes of rebuttal. Thank you, your honor. With regard to this matter, and I think just to respond to you, it is six months. And there was never a denial made in this case, not 60 days, but six months. And there was never a denial made in this case. And within that six month time period, the $25,000 X, I'm sorry. No, go ahead. Because I'm struggling a little with that, because then if they didn't deny it administratively, you had the full term of the statute of limitations to provide the some certain. Plus the six months. But what's the point? I'm sorry. What's your explanation for not using the full period of the statute of limitations to get the some certain identified? The belief that based upon the fact that the claim was accepted, the property damage aspect of the claim was out there. And in communications back and forth, that we're talking about a bodily injury claim, which is not necessarily susceptible to an actual dollar figure, the way damage to an automobile may be. That to say that somebody's back hurt and their neck hurt, and how is that susceptible saying that is $21,214 and 20 cents. And again, that gets into the deeper dive of what is a some certain and how is a bodily injury claim to be labeled to a some certain. And there's the expectation. And again, Judge Rogers, you get into an equitable matter here, that at every step of the way, the government has received notice of the claim. And 495 is not mandatory. It's not the be all and the end all. And counsel doesn't claim that it is. And that information was provided, information was accepted, that the government absolutely knew that bodily injury claims were being asserted in this matter, that there were medical bills, that there were injuries, that they went to the hospital and all that was provided, received and accepted with the full expectation that they're honoring my claim, if I'm Kelly Copeland in this matter. And that it becomes a later that, okay, we didn't have a specific $21,346 and 16 cents. So do the equities enter into it? I think that they do. And do, you know, we get into then a question of, and Judge Rogers, to your point before, if this would be reversed on jurisdictional grounds, then there would be more of a merit based decision from the trial court. And the decision, to your point, may be exactly what we're talking about here. And we're here on a different matter. Mr. Pollini, the thing I'm not sure you're appreciating about Judge Rogers' question is, his question is suggesting if Judge Adams was wrong in dismissing under 12b1, but our court still thinks you failed to comply with the some certain, all that would happen is you would still have, you'd have an affirmance of the motion to dismiss. It would just be under 12b6, an alternative ground. Judge Rogers is trying to, he's trying to give you a chance to say, no, we can't do that. Or there's, there's something about a 12b6 dismissal that's sufficiently different that gives you another shot. I haven't heard the answer that suggests you get another shot. I think that's what he's asking you. The ability to make an equitable argument, to be able to make the argument that all of these things I just talked about that were actually received by the government are tantamount to receiving as close definitionally as you can get to a some certain in a bodily injury claim that is not a jurisdictional based dismissal. It would have to be more of a merit based decision. I do think I understand his honor's position on the matter, but that nonetheless it affords the opportunity to have the merits looked at to determine whether equitably did everything that the government get, everything that they received, they accepted, they paid out in this matter, does that rise to that level? Do they acknowledge that in a bodily injury claim, knowing that they got medical expenses, that they, there are certain injuries that were had and that were treated in the hospital. Does that rise to that level to satisfy what is a requirement? And again, it's not the be all and the end all with the form 95. And I would like that opportunity to be able to make that argument, but in a jurisdictional dismissal like we have here, we never get to that point at all. Okay. Thanks to both of you for your helpful briefs and arguments and in particular for your supplemental briefs. That's really helpful to us to make sure we get that point right. So thank you very much. The case will be submitted.